J-A10037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JERMAINE JUSTIN COPELAND | |
| Appellant | No. 950 MDA 2014 |

Appeal from the Judgment of Sentence May 14, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-MD-0000737-2014

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 10, 2015**

Appellant Jermaine Justin Copeland appeals from the judgment of sentence entered in the Centre County Court of Common Pleas following his bench trial conviction for contempt[1] for violating a final protection from abuse order ("PFA").  We affirm.

The relevant facts and procedural history of this appeal are as follows. On December 9, 2013, the court entered a PFA order against Appellant that provided he was to have no direct or indirect contact with his ex-girlfriend, Martha Mojica ("Victim"), or his and Victim's daughter, Jazmine Copeland ("Daughter"), for a period of three years.  N.T., 12/9/13, p. 2.  On April 12,

_____

[1] 23 Pa.C.S. § 6114.

2014, shortly after his release from prison for other charges, Appellant sent a text message to Victim's mother's phone[2] that stated:

> this Jermaine. I don't want to get in trouble but I need to know how my daughter is doing. I been home for a little while, over a month now. I just couldn't take it any longer. Please let me know something. I was told she was minor autistic. I'm worried and I miss her.

*Id.* at 24.

Victim's mother was in Florida at the time and did not respond to the text message. *Id.* at 21. Appellant proceeded to call Victim's mother on different days, until she eventually answered the phone and spoke with Appellant. *Id.* at 21-22. Appellant inquired about Daughter, and Victim's mother told him to communicate all inquiries with the court. *Id.* at 22-23.

On May 15, 2014, the court conducted a bench trial and found Appellant guilty of contempt for violation of a PFA order. On June 5, 2014, Appellant timely filed a notice of appeal. On June 11, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on June 23, 2014.

Appellant raises the following issue for our review:

---

[2] Victim often used her mother's cell phone because she did not have her own phone, and Appellant was aware of this. *Id.* at 10.

WHETHER THE EVIDENCE WAS SUFFICIENT TO ENABLE THE FACT-FINDER TO FIND EVERY ELEMENT OF INDIRECT CRIMINAL CONTEMPT BEYOND A REASONABLE DOUBT[?]

Appellant's Brief at 5.

In his sole issue on appeal, Appellant challenges the sufficiency of the evidence for his indirect criminal contempt charge. Appellant argues the Commonwealth neglected to establish that Appellant contacted Victim or Victim's Daughter directly, that he threatened anyone, or that he made the calls and texts while the PFA order was active. Appellant concludes that, because the Commonwealth failed to present any evidence of Appellant's volition or his wrongful intent, the court erred by finding the elements of his conviction beyond a reasonable doubt. We disagree.

In reviewing the sufficiency of the evidence, the standard we apply is:

whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the

weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super.2005)).

Indirect criminal contempt is found when a "violation of an Order or Decree of court occurred outside the presence of the court." *Commonwealth v. Padilla*, 885 A.2d 994, 996 (Pa.Super.2005), *appeal denied*, 897 A.2d 454 (Pa.2006). "Where a PFA order is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order." *Commonwealth v. Brumbaugh*, 932 A.2d 108, 110 (Pa.Super.2007) (quoting *Id.* at 996).

To establish a claim of indirect criminal contempt, the Commonwealth must prove the following four elements:

> (1) the order [in question] must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited; (2) the contemnor must have had notice of the specific order or decree; (3) the act constituting the violation must have been volitional; and (4) the contemnor must have acted with wrongful intent.

*Commonwealth v. Ashton*, 824 A.2d 1198, 1203 (Pa.Super.2003) (quoting *Commonwealth v. Baker*, 722 A.2d 718, 721 (Pa.Super.1998) (*en banc*), *affirmed*, 766 A.2d 328 (Pa.2001).

An act is volitional if it is knowingly made. **Brumbaugh,** 932 A2d at 110. Wrongful intent can be imputed by the substantial certainty that a defendant would be in contact with a victim, in violation of a PFA order. **Id.**

Here, Appellant admitted he knew the PFA order prohibited him from contacting Victim or Victim's Daughter, either directly or indirectly. N.T., 5/15/14, at 33. Appellant also admitted that he wrote the text messages, called Victim's mother, and was fully aware that Victim did not have her own cellphone, sometimes used her mother's cellphone, and that he could reach Victim through her mother. **Id.** at 36.

Appellant's claim that the violation occurred before the PFA was effective lacks foundation. Although counsel misspoke when she asked the Victim about the text messages in "April of 2012," N.T., 5/15/14, at 7, Victim's mother testified that she received a text message from Appellant on "April 12, 2014." **Id.** at 24. Further, the police report reflects that the violation occurred in April of 2014, and Appellant admits to knowing the PFA was in place when he communicated with Victim's mother. **Id.** at 33.

Appellant's claim that the Commonwealth failed to present evidence of his volition or wrongful intent lacks merit. To establish volition and wrongful intent, the Commonwealth must prove only that Appellant intentionally violated the PFA order; the substance of Appellant's communications and whether they were threatening or abusive is of no consequence. **See Brumbaugh, supra.** Although Appellant testified that he did not intend for

Victim to read his text messages, when asked about whose phone number he called, he accidentally said it belonged to Victim before correcting himself. N.T., 5/15/14, at 28. Further, Victim's mother testified that when Appellant telephoned her, he said: "I know I'm going to get in trouble but I wanted to see – find out how my daughter is doing and I wanted to send her some money." *Id.* at 22.

As the fact-finder, the court was free to believe all, part, or none of the evidence presented. *See Hansley, supra.* After hearing all of the testimony, the court stated: "I do believe that you knew there was a great likelihood that this message would be received in some way by the protected party and I am going to find you guilty." N.T., 5/15/14, at 43.

Viewing all the evidence admitted at trial in the light most favorable to the verdict winner, we hold that the Commonwealth presented sufficient evidence for the court to find every element of contempt beyond a reasonable doubt.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015